IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ERIC FIERRO,

    Plaintiff,

v.                                                                            No. 24-cv-1292-SMD-GJF

LISA TRABAUDO, *et al*,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Plaintiff Eric Fierro's prisoner civil rights claims. Fierro is a state prisoner and is proceeding *pro se*. He primarily raises claims against the Assistant District Attorneys involved in his state criminal proceeding. *See* Docs. 1-3. After submitting an opening pleading, Fierro filed a Motion to Remand (Doc. 7) along with various other supplemental pleadings. Having considered the record and applicable law, the Court will deny the Motion to Remand, order Fierro to file a single, amended complaint, and deny all other requested relief.

### I. Background

Fierro is currently incarcerated at the Lea County Correctional Facility (LCCF) in Hobbs, New Mexico. He initially filed a Prisoner Civil Complaint (Doc. 1-3) (Opening Pleading) in New Mexico's Second Judicial District Court. The Opening Pleading alleges Assistant District Attorneys Lisa Traubado and Gerard Treich committed fraud, which resulted in Fierro's wrongful imprisonment. *See* Doc. 1-3 at 1. Fierro submitted a Legal Authority Support Brief along with the Opening Pleading, which reflects his claims arise under state law and the U.S. Constitution. *See* Doc. 1-1 at 5. The Opening Pleading names the State of New

Mexico, the Second Judicial District Attorney's Office, Traubado, and Treich. *See* Doc. 1-3 at 1.

On December 23, 2024, Defendants removed the case to this Court based on federal question jurisdiction. *See* Doc. 1. Fierro filed a Motion to Remand on January 6, 2025. *See* Doc. 7, supplemented by Doc. 16. Thereafter, he filed over forty-five (45) motions, notices, amendments, and supplements. *See* Docs. 8, 9, 17, 29-37, 48-64, 70-76, 78, 84-92, and 97. The Court will consider whether to remand to the case and, if remand is not appropriate, whether Fierro's submissions violate the federal pleading standards.

## II.   Discussion

### A.   The Court Will Deny the Motion to Remand

An action filed in state court may be removed to Federal District Court if the complaint raises a federal question. *See* 28 U.S.C. 1441(a). Federal questions include claims arising under the United States Constitution or federal law. *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."); *Western Shoshone Business Council for and on Behalf of Western Shoshone Tribe of Duck Valley Reservation v. Babbitt*, 1 F.3d 1052, 1058 (10th Cir. 1993) ("To exercise federal question jurisdiction under 28 U.S.C. § 1331, there must be a constitutional or federal statutory provision under which plaintiff[ ] [is] aggrieved.") (quotations omitted).

Federal question jurisdiction "is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citations omitted). "The well-pleaded complaint rule makes the plaintiff the 'master' of

his claim." *Firstenberg v. City of Santa Fe, N.M.*, 696 F.3d 1018, 1022 (10th Cir. 2012). "The plaintiff can elect the judicial forum - state or federal - based on how he drafts his complaint." *Id.* "Although he may not circumvent federal jurisdiction by omitting federal issues that are essential to his claim, he can nevertheless avoid federal jurisdiction by exclusive reliance on state law." *Id.* Moreover, in determining whether a claim arises under federal law, courts examine only the allegations of the complaint and ignore potential defenses. *See Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003). "The propriety of removal is judged on the complaint as it stands at the time of the removal." *Pfeiffer v. Hartford Fire Ins. Co.*, 929 F.2d 1484, 1488 (10th Cir. 1991) (citing *Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939)).

Fierro's Opening Pleading explicitly raises federal claims under the U.S. Constitution. *See* Doc. 1-1 at 5 (raising "constitutional violation[s] under [the] 5th and 14th Amendments *and* [the] New Mexico Constitution") (emphasis added). His later pleadings also raise federal claims. Fierro filed an Amended Complaint on March 12, 2025 and a Closing Brief on May 2, 2025, which both cite 42 U.S.C. § 1983. *See* Doc. 34 at 3; Doc. 86 at 1. Fierro nevertheless "objects to removal on the grounds that it is an attempt by Defendants to … avoid accountability" and "gain a tactical advantage." Doc. 7 at 2. Defendants' litigation strategy is unrelated to whether Fierro's pleadings raise a federal question. There is also no indication in the record that this case was removed in bad faith.

Fierro's Supplemental Brief on Remand also alleges that remand is required under 28 U.S.C. § 1447(c). *See* Doc. 16. That statute governs the procedure for motions to remand based on "any defect other than lack of subject matter jurisdiction." 28 U.S.C. § 1447(c). Fierro has not pointed to any procedural defect in the Notice of Removal. His brief cites §

3

1447(c) and argues Defendants waived sovereign immunity, which relates to the merits of the claims. *See* Doc. 16. The Court therefore finds that the removal was proper because a federal question is clear on the face of Plaintiff's Opening Pleading and amended pleadings. The Motion to Remand (Doc. 7) will be denied. As set forth below, Fierro may still amend his claims. If he seeks to litigate in state court, he has the option to explicitly forgo all federal claims and limit his amended complaint to state law causes of action. *See Brooks v. Gaenzle*, 614 F.3d 1213, 1229–30 (10th Cir. 2010) (federal courts should generally decline to exercise supplemental jurisdiction over a state-law claim if no viable federal claims remain).

### B. Fierro Must File a Single Amended Pleading

As noted above, Fierro filed over forty-five (45) motions, briefs, affidavits, supplements, and notices. *See* Docs. 8, 9, 17, 29-37, 48-64, 70-76, 78, 84-92, and 97. These filings contain additional factual allegations and address a variety of topics such as summary judgment, sanctions, and discovery requests.

"It is not the role of either the court or the defendant to sort through a lengthy ... complaint and voluminous [supplemental pleadings] ... to construct plaintiff's causes of action." *McNamara v. Brauchler*, 570 Fed. App'x 741, 743 (10th Cir. 2014). *See also Glenn v. First Nat. Bank in Grand Junction*, 868 F.2d 368, 371 (10th Cir. 1989) ("The law recognizes a significant difference between notice pleading and 'shotgun' pleading."); *Pola v. Utah*, 458 Fed. Appx. 760, 762 (10th Cir. 2012) (rejecting submissions that include "everything but the kitchen sink"). Accepting Fierro's piecemeal pleadings would force the Court to "carefully comb through" the docket "to ascertain which [filings] contain pertinent allegations to which a response is warranted." *McNamara*, 570 Fed. App'x at 743. This would be particularly

4

difficult here, as Fierro's legal theories and factual allegations are intermingled with his arguments seeking procedural relief. The piecemeal pleadings also impede the screening function under 28 U.S.C. § 1915A because the Court cannot discern whether specific claims against specific Defendants have merit. *See* 28 U.S.C. § 1915A (requiring courts to *sua sponte* screen prisoner complaints and dismiss any claim that is frivolous, malicious, or fails to state a claim upon which relief may be granted).

Consistent with these authorities, the Court declines to consider Fierro's current pleadings. The Court will strike his remaining motions, briefs, affidavits, supplements, and notices, with one exception. Fierro's recent Motion for Extension (Doc. 97) will be granted, to the extent he requests at least sixty (60) days to respond to any ruling based on an upcoming prison transfer.

Within sixty (60) days of this ruling, Fierro must file a single amended complaint. The amendment must contain all claims and list all Defendants that Fierro seeks to include in this case. It must also contain a short and plain statement demonstrating the grounds for relief, as required by Fed. R. Civ. P. 8(a). The amendment must "make clear exactly who is alleged to have done what to whom, to provide each individual with fair notice as to the basis of the claim against him or her." *Robbins v. Oklahoma*, 519 F.3d 1242, 1249-50 (10th Cir. 2008). If Fierro fails to timely file a single, amended complaint that complies with these instructions - or if he continues to file piecemeal submissions that violate Rule 8(a) - the Court may dismiss this case with or without prejudice. Finally, the Court will deny Defendants' pending Motion to Dismiss for Failure to State a Claim (Doc. 22); Motion to Quash Subpoena (Doc. 38); and Motion to Strike Affidavit (Doc. 96). Such motions are moot, in light of this ruling.

**IT IS ORDERED** that Fierro's Motion to Remand (**Doc. 7,** supplemented by **Doc. 16**) is **DENIED**; Fierro's Motion for Extension (**Doc. 97**) is **GRANTED**, as set forth above; and Defendants' Motion to Dismiss for Failure to State a Claim (**Doc. 22**); Motion to Quash Subpoena (**Doc. 38**); and Motion to Strike Affidavit (**Doc. 96**) are **DENIED as moot**.

**IT IS FURTHER ORDERED** that the Court **STRIKES** the following motions, notices, appendices, and memoranda: (**Docs. 8, 9, 17, 29 through 37, 48 through 64, 70 through 76, 78, 84 through 92**).

**IT IS FINALLY ORDERED** that within sixty (60) days of entry of this Order, Fierro must file a single, amended complaint that complies with the above instructions.

**SO ORDERED.**

_____
HON. SARAH M. DAVENPORT
UNITED STATES DISTRICT JUDGE