**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

ERIC FIERRO,

     Plaintiff,

v.                                        No. 24-cv-1292-SMD-GJF

LISA TRABAUDO, *et al*,

     Defendants.

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on the voluminous, piecemeal pleadings filed by Plaintiff Eric Fierro in violation of Fed. R. Civ. P. 8(a) and Court Order.   Fierro is a state prisoner and is proceeding *pro se*.   The Court previously directed him to file a single, amended complaint in lieu of his 45 initial pleadings, supplements, briefs, affidavits, motions, and notices.   Because Fierro responded by submitting at least 24 more piecemeal pleadings, the Court will dismiss this case.

**BACKGROUND**

Fierro initiated this case by filing a Prisoner Civil Complaint in New Mexico's Second Judicial District Court.   Doc. 1-3 ("Opening Compl.").   The Opening Compl alleges Assistant District Attorneys Lisa Traubado and Gerard Treich committed fraud, which resulted in Fierro's wrongful imprisonment in violation of the U.S. Constitution.   Opening Compl at 1.   The attachments to the Opening Compl. cite New Mexico Case No. D-202-CR-2004-2692.   Opening Compl. at 14, 17-20.   A jury convicted Fierro in that case of 28 counts of criminal sexual penetration or contact of a child and 2 counts of bribery of a witness.   Judgment in Case No. D-202-CR-2004-2692.   By a Judgment entered May 25, 2009, the state court sentenced Fierro to

198 years in prison.  *Id.*

In the instant case, Fierro seeks money damages for false imprisonment.  Opening Compl. at 7.  Fierro previously raised his fraud theory in a 28 U.S.C. § 2254 habeas petition challenging his custody/convictions.  *See Fierro v. Smith,* 17-cv-0738 JCH-KBM (addressing the convictions in Case No. D-202-CR-2004-2692).  The Court (Hon. Judith Herrera) denied relief on the merits, and the Tenth Circuit affirmed.  Docs. 41, 52 in *Fierro v. Smith,* 17-cv-0738 JCH-KBM.

On December 23, 2024, Defendants removed the instant civil rights case to this Court based on federal question jurisdiction.  *See* Doc. 1-3 (raising claims under the U.S. Constitution); Doc. 34 at 3 (citing 42 U.S.C. § 1983); Doc. 86 at 1 (same).  Thereafter, Fierro filed over 45 motions, notices, amendments, and supplements.  *See* Docs. 8, 9, 17, 29-37, 48-64, 70-76, 78, 84-92, and 97.  These filings contain additional factual allegations and address a variety of topics such as summary judgment, sanctions, and discovery requests.

By a Memorandum Opinion and Order entered June 4, 2025, the Court explained that "[i]t is not the role of either the Court or the defendant[s] to sort through a lengthy ... complaint and voluminous [supplemental pleadings] ... to construct [Fierro's] causes of action."  Doc. 99 ("Screening Ruling") (quoting *McNamara v. Brauchler*, 570 Fed. App'x 741, 743 (10th Cir. 2014)).  *See also Glenn v. First Nat. Bank in Grand Junction*, 868 F.2d 368, 371 (10th Cir. 1989) ("The law recognizes a significant difference between notice pleading and 'shotgun' pleading."); *Pola v. Utah*, 458 Fed. Appx. 760, 762 (10th Cir. 2012) (rejecting submissions that include "everything but the kitchen sink").  The Screening Ruling specifically addresses Fierro's practice of filing complaints/supplemental pleadings alongside motions, which means his "legal theories and factual allegations are intermingled with his arguments seeking procedural relief."  Screening

2

Ruling at 5.   Fierro was advised that such practice impedes the screening function under 28 U.S.C. § 1915A because the Court cannot discern whether specific claims against specific Defendants have merit.   *See* 28 U.S.C. § 1915A (requiring courts to *sua sponte* screen prisoner complaints and dismiss any claim that is frivolous, malicious, or fails to state a claim upon which relief may be granted).   In a separate order, the Court explained the screening process under § 1915A and noted that prisoner petitions are excluded from pre-trial case management procedures, including discovery obligations.   Doc. 98.

Consistent with these authorities, the Court declined to consider the merits of Fierro's 45 initial filings.   Screening Ruling at 5.   Fierro was directed to file a <u>single</u> amended complaint. *Id.* (emphasis in original).   The Screening Ruling contains instructions on how to comply with Fed. R. Civ. P. 8(a).   *Id.*   That rule requires each federal litigant to file a short and plain statement of the grounds for relief.   Fierro was advised that the single amendment must "make clear exactly who is alleged to have done what to whom, to provide each individual with fair notice as to the basis of the claim against him or her."   *Robbins v. Oklahoma*, 519 F.3d 1242, 1249-50 (10th Cir. 2008).   The Screening Ruling also warns that if Fierro fails to file a <u>single</u> amendment - and instead continues to file piecemeal submissions - the Court may dismiss this case with or without prejudice.   Screening Ruling at 5.

Fierro did not follow these instructions.   After entry of the Screening Ruling, he filed at least 24 more submissions.   The submissions include:

(a) At least 5 complaints, supplements, and briefs that raise factual allegations and legal claims.   Docs. 101, 102, 103, 111, and 115.

(b) At least 9 motions that request procedural relief such as discovery, hearings, trial

settings, etc.   Docs. 105, 108, 109, 110, 118, 130, 135, 137, and 146.

(c) At least 10 more filings that ostensibly request procedural relief but appear to contain additional facts, law, or exhibits.   Docs. 106, 107, 119, 121, 122, 129, 136, 139, 142, and 144.[1]

## DISCUSSION

Fierro's filings do not comply with Rule 8(a) or the Screening Ruling, for several reasons. His claims are not confined to a single pleading, as directed.   Striking extraneous submissions would not cure the defect.   As noted above, several filings are explicitly identified as complaints or supplements, and others blur the line between requesting procedural relief and elaborating on the facts/legal claims.   While Fierro's primary goal is to obtain money damages from the state prosecutors involved in his criminal case, his piecemeal filings also reference a state civil lawsuit, alleged bias by Supreme Court justices, state appellate filing decisions, and disputes over public records requests.   One supplemental filing also seeks Fed. R. Civ. P. 60(b) relief, which appears to be unrelated to the 42 U.S.C. § 1983 claims for money damages in this case.   Doc. 121.   Fierro asks the Court to "reopen[] proceedings," which may reference his state criminal case or the state habeas proceeding challenging his conviction.   *Id.* at 3.

Fierro's piecemeal submissions also make it difficult to identify the defendants in this case. The captions of most filings list "State of New Mexico, Second Judicial District Attorney's Office; Gerard Treich; and Lisa Trabaudo, et al."   *See, e.g.,* Doc. 126.   Other filings reference additional wrongdoers.   For example, one "supplemental closing brief" states: "[Fierro] has consistently

---

[1] Fierro also filed several reply briefs where Defendants, though counsel, responded to certain procedural motions.  *See, e.g.,* Docs. 116, 128.   While Fierro's overall filings in this case violate the Screening Ruling and impede the initial screening function under 28 U.S.C. § 1915A, the Court does not cite the reply briefs to establish this pattern.

alleged in this civil action that actors including prosecutors, court personnel, and agents of the New Mexico Supreme Court relied upon" falsified documents.   Doc. 102 at 2.

As noted above, the Court explicitly declined to conduct a 28 U.S.C. § 1915A review of Fierro's 45 initial filings.   Fierro was warned that his claims and alleged facts must appear in a single pleading.   Screening Ruling at 4-5.   He was also cautioned not to file various motions before his single amendment was screened and that this case would be dismissed if he continued to submit piecemeal submissions.   *Id.*

Because Fierro responded by submitting at least 24 more piecemeal filings, and for the reasons above, the Court will dismiss this case pursuant to Fed. R. Civ. P. 41(b) for "failure to … comply with the … court's orders" and, alternatively, pursuant to Rule 8(a) for failure to file a short, plain statement as instructed.   *See Olsen v. Mapes*, 333 F.3d 1199, 1204 n. 3 (10th Cir. 2003).   The dismissal will be entered without prejudice, since it is still unclear what specific claims are being dismissed.   *See Fontana v. Pearson,* 772 Fed. App'x 728, 729 (10th Cir. 2019) ("If the complainant fails to comply with Rule 8, a court may dismiss an action with or without prejudice."); *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007) (applying the same rule under Rule 41(b)).

Most inmates are able to refile their claims following a dismissal without prejudice.   In this case, however, it is not possible to discern the scope of the claims or when such claims arose for the purposes of any statute of limitations.   Most claims arose in 2008 or 2009 and were already time-barred when this case was filed, but the filings reference more recent misconduct.   *See, e.g.,* Doc. 102 (referencing a 2025 dispute involving record requests); Doc. 103 (claiming prosecutors committed fraud in 2008).   To the extent one or more claim is barred by the statute of limitations,

the *Ehrenhaus* factors still support this ruling.  *See Ehrenhaus v. Reynolds,* 965 F.2d 916, 921 (10th Cir. 1992) (requiring courts to consider factors such as prejudice; interference with the judicial process; the movant's culpability; prior dismissal warnings; and the efficacy of lesser sanctions).  Fierro was given detailed instructions on how to comply with Rule 8(a); the Court explained that prisoner cases are exempt from initial discovery procedures; and Fierro was warned that this case would be dismissed if he failed to file a single amended complaint.  Fierro's numerous piecemeal pleadings interfere with the judicial process.  Ordering any state official to answer the filings would cause prejudice, as the exact claims and controlling pleadings are still unclear.  It appears unlikely that additional admonishments would change the result, given Fierro's filing history in this case.  The Court cannot find that dismissal would materially prejudice Fierro's claims.  His primary theory – that state prosecutors should compensate him for obtaining a criminal conviction – is likely barred by prosecutorial immunity and, alternatively, by the *Heck* doctrine.  *See Imbler v. Pachtman*, 424 U.S. 409, 431 (1976) (Prosecutors are absolutely immune from suit for actions "taken in connection with the judicial process"); *Denney v. Werholtz*, 348 Fed. App'x 348, 350 (10th Cir. 2009) (awarding damages based on allegedly illegal sentence/incarceration is barred by *Heck*).

In sum, dismissal is appropriate pursuant to Rule 8(a), Rule 41(b), and - if it applies - *Ehrenhaus v. Reynolds,* 965 F.2d 916, 921 (10th Cir. 1992).  Moreover, because Fierro is not proceeding *in forma pauperis* in this case, this dismissal "does not count as a strike under [28 U.S.C.] § 1915(g)."  *See Carbajal v. McCann*, 808 Fed. App'x 620, 629 (10th Cir. 2020) (addressing the three-strike rule for *in forma pauperis* litigants).  Finally, to the extent certain filings can be construed to raise a successive 28 U.S.C. § 2254 challenge to the underlying state

6

convictions, the Court will dismiss such claims for lack or jurisdiction and deny a certificate of appealability (COA) under Habeas Corpus Rule 11.  *See In re Cline,* 531 F.3d 1249, 1251 (10th Cir. 2008) (District Courts lack jurisdiction to consider second/successive habeas challenges absent Circuit authorization); *Barnes v. New Mexico Department of Corrections*, Summary Order entered October 31, 2023 (requiring the District Court to grant or deny a COA following the dismissal of litigant's piecemeal pleadings under Rule 8(a)).

**IT IS ORERED** that this case is **DISMISSED without prejudice** pursuant to Rule 41(b) and, alternatively, pursuant to Rule 8(a); and all pending motions (Docs. 105, 107, 108, 109, 118, 119, 121, 122, 129, 130, 132, 135, 137, and 146) are **DENIED as moot**.

**IT IS FURTHER ORDERED** that, to the extent certain filings can be construed to raise a successive habeas challenge to Fierro's underlying state convictions, such claims are **DISMISSED without prejudice** for lack of jurisdiction, and a certificate of appealability is **DENIED**.

**IT IS FINALLY ORDERED** that the Court will enter a separate judgment closing the civil case.

_____
HON. SARAH M. DAVENPORT
UNITED STATES DISTRICT JUDGE